PROPRIETORS OF UNION MEETING-HOUSE IN HARTLAND *vs.*
CHARLES ROWELL *et al.*

*Corporation.*

The owners of pews in a meeting-house owned by a corporation, have simply an easement in the freehold.

The case of *First Baptist Society, in Leeds,* v. *Grant,* 59 Maine, 245, re-affirmed.

ON REPORT, on so much of the evidence as is legally admissible, and so much of the testimony in the case of *Proprietors of Baptist meeting-house* v. *Webb et al. ante,* 398, as is applicable.

TRESPASS, for breaking and entering the plaintiffs' meeting-house in St. Albans, and damaging and spoiling the locks and staples belonging to the doors.

*Plea* not guilty, with a brief statement, that "in the performance of the acts constituting the alleged trespass, they were acting as a committee and agents of the proprietors of the Baptist meeting-house at St. Albans, a corporation organized according to law, under the statutes of this state, and owning the meeting-house described in the plaintiffs' writ, and having a right to the possession and control thereof, and that having demanded the key from a person in temporary charge, and being refused, they entered the meeting-house as they had a right to, as being the property of the said corporation."

The defendants admitted a forcible entry of the door by them, and introduced evidence tending to prove their brief statement.

The evidence on behalf of the plaintiffs, to the point of their organization, ownership and possession of the church, was introduced in the case next preceding this, in this volume, and tended to prove that a majority of the pew owners were acting as members of their organization which had taken, and, for some time held, actual possession of the meeting-house.

*S. D. Lindsey,* for the plaintiffs.

*F. A. Wilson & C. F. Woodard,* for the defendants.

APPLETON, C. J. This is an action of trespass *quare clausum fregit.*

Assuming the valid existence of the plaintiff organization, still this action cannot be maintained. The legal title to the premises in controversy is in the "Proprietors of the Baptist meeting-house in St. Albans" by virtue of a deed of the premises to them in their corporate name from Henry Warren, dated December 25, 1841, and by their building the meeting-house. The defendants justify under that corporation.

The plaintiffs claim an organization under R. S., c. 12, § 27,

which provides that "any persons, for the purpose of erecting a meeting-house, or the majority in interest of the owners of a meeting-house, not a parish, may incorporate themselves the same as parishes may; and choose all officers and do all other acts that a parish may lawfully do."

The meeting-house in controversy having been erected long ago, there could be no incorporation of persons, "for the purpose of erecting a meeting-house."

Neither were those claiming to have effected an organization "the majority in interest of the owners of the meeting-house." They were only pew owners. But the pew owners were not owners of the fee. They only had an easement. The "Proprietors of the Baptist meeting-house in St. Albans" were the legal owners of the land and the house thereon. They have never parted with their title. *First Baptist Society in Leeds* v. *Grant*, 59 Maine, 245.                                                    *Plaintiff's nonsuit.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.